IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Harrison E. Whitehead, Jr.,            )
        Petitioner,                    )
                                       )
v.                                     )        1:08cv1131 (JCC/TRJ)
                                       )
Gene Johnson,                          )
        Respondent.                    )

MEMORANDUM OPINION AND ORDER

Harrison E. Whitehead, Jr., a Virginia inmate proceeding pro se, has filed a petition for a writ

of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction in the Circuit Court for

the City of Portsmouth, Virginia, for possession of cocaine with intent to distribute and possession

of marijuana.  By Order dated December 11, 2008, petitioner was directed to provide clear of

evidence of the claims he raised in any direct appeals of his circuit court conviction and the claims

he raised in his state habeas petition to the Supreme Court of Virginia.  Petitioner also was informed

that his petition would be dismissed as time-barred unless he established that the one year-statute

of limitations did not apply or that he was entitled to equitable tolling.  On March 27, 2009,

petitioner submitted his response to the Court's Order.[1]  After reviewing petitioner's response, the

instant petition must be dismissed as time-barred.[2]

---

[1] After the Court entered its December 11 Order, a copy of the Order was mailed to petitioner and returned as undeliverable on December 31, 2008.  The Court subsequently dismissed the instant petition without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  Petitioner then submitted a Motion to Reopen the instant case, which the Court granted on March 4, 2009, providing petitioner with an additional thirty days in which to respond to the Court's December 11 Order.

[2] The Court notes that although it directed petitioner to provide clear evidence of the claims raised in any direct appeals of conviction and the claims raised in his state habeas petition filed in the Supreme Court of Virginia, petitioner has failed to comply with this portion of the Court's Order.  As a result, this petition also would be subject to dismissal pursuant to Rule 41(b) for petitioner's

As noted in the Court's December 11 Order, the applicable statute of limitations, 28 U.S.C. § 2244(d), bars the claims presented. A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

In the instant case, petitioner was convicted on September 10, 2003, in the Circuit Court for the City of Portsmouth, Virginia. Petitioner filed a direct appeal in the Virginia Court of Appeals, which denied his petition for appeal on April 14, 2004, and after a three-judge panel was requested, denied his petition again on June 21, 2004. Petitioner then appealed to the Supreme Court of Virginia, which dismissed his petition on October 12, 2004, and after petitioner sought rehearing, refused his petition on January 26, 2005. Additionally, on June 17, 2005, petitioner filed a state habeas petition in the Supreme Court of Virginia, seeking a delayed appeal. His petition was granted on November 21, 2005, and petitioner filed a delayed appeal with the Supreme Court of Virginia on December 16, 2005, which was refused on July 28, 2006. Thus, using the date most favorable to petitioner, the conviction became final at the latest on October 26, 2006, the last date petitioner could have petitioned the Supreme Court of the United States for a writ of certiorari.[3]

In calculating the one-year period, however, the Court must exclude the time during which

_____

failure to comply.

[3] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

2

state collateral proceedings pursued by petitioner were pending.  See 28 U.S.C. § 2254(d)(2); Pace

v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state

collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted

by state courts). On May 21, 2007, petitioner filed a petition for a writ of habeas corpus with the

Supreme Court of Virginia, which refused his petition on October 17, 2007.  Petitioner filed the

instant petition on October 15, 2008.[4]

Between October 26, 2006, the date on which petitioner's conviction became final, and May

21, 2007, when petitioner filed his petition for habeas corpus with the Supreme Court of Virginia,

207 days passed. Between October 17, 2007, the date petitioner's state habeas petition became final,

and October 15, 2008, the date petitioner filed his federal petition, an additional 364 days passed.

When these days are combined they establish that the instant petition was filed 206 days beyond the

one-year limit. Accordingly, the petition is untimely under § 2244(d), unless petitioner can establish

that the statute of limitations does not apply or should otherwise be tolled.  See Hill v. Braxton, 277

F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a sua sponte

dismissal under § 2244(d)).

Petitioner submitted a response to the Court's December 11, 2008 Order on March 27, 2009.

In that response, petitioner argues that "the petitions were filed in a timely manner," and states in

support of this claim that if the petition was not timely filed "the court would have notified the

petition informing him" of such.  Resp. 22.  Petitioner claims that he has not received any notice

---

[4] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In his petition, petitioner avers that he placed his petition in the prison mailing system on October 15, 2008. The Court received the petition on October 28, 2008.

informing him that the petition was filed beyond the one-year limit, and asserts that if the Court intends to dismiss the instant petition due to a time limitation "then the petitioner would like to ask the court to give a [sic] explanation and full understanding of the limitation and why his petition may be dismiss[ed]." Resp. 22. Despite petitioner's implicit contention that he is unaware of any limitations issues in his case, petitioner was notified by this Court in its December 11 Order that the instant petition appeared to be untimely, and that petitioner would be provided with an opportunity to contest the application of the one-year statute of limitations or to establish that he is entitled to equitable tolling.[5] See December 11, 2008 Order (Docket # 2). Thus, any claim by petitioner that he was not notified about the untimeliness of his federal habeas petition or not provided with an explanation of the time limitation is belied by the record without merit.

Additionally, petitioner appears to assert that he is entitled to equitable tolling. Petitioner attaches to his response a letter from the Supreme Court of Virginia. Petitioner claims that the letter provides "no notice stating any failure in filing the petition beyond its limitation." Resp. 22. Petitioner adds that "it was told to petitioner that he had a one year limitation to file to the U.S. District Court after his final order," and that he complied with this when filing the instant petition. Resp. 22. Petitioner states that he is a "layman to the law." Resp. 22.

In the Fourth Circuit, the one-year statute of limitations for § 2254 petitions is subject to equitable tolling. However, the court has cautioned that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of

---

[5] The Court notes that although petitioner initially did not receive a copy of the December 11 Order due to a clerical error in petitioner's mailing address, a copy of the December 11 Order detailing the untimeliness of the instant petition was re-sent to petitioner following the Court's March 4, 2009 Order re-opening the instant matter.

individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Consequently, "any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. Accordingly, a petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

Here, petitioner has not presented extraordinary circumstances to warrant application of equitable tolling. Petitioner's arguments in support of his claim of entitlement to equitable tolling appear to be that (1) he was improperly informed of the date by which he needed to file his federal habeas petition; and (2) he is a layman who is not skilled in or knowledgeable about the law. First, to whatever extent petitioner is alleging that the letter from the Supreme Court of Virginia informed him that the instant petition was not untimely, or that anyone at that court informed him that he had one year to file his federal habeas petition after entry of its final order, petitioner's allegations are flawed. The letter provided by petitioner does not, and in fact could not, address the timeliness of the instant federal petition, as it had not been filed at the time petitioner received the letter. Furthermore, the letter expressly informed petitioner that the clerk's office at the Supreme Court of Virginia "is not permitted to offer legal advice and thus . . . cannot advise [petitioner] when or whether [he] can seek habeas corpus relief in federal court." Resp. 23. Thus, to whatever extent petitioner is alleging that the Commonwealth engaged in some sort of wrongful conduct that entitles him to equitable tolling, see Harris, 209 F.3d at 330, he has not presented facts to support such a claim.

5

Additionally, to whatever extent petitioner is claiming that someone else misinformed him about the correct filing date, such a claim also would not warrant equitable tolling. As the Fourth Circuit has noted, even a lawyer's miscalculation or misreading of the statute of limitations is insufficient to constitute extraordinary circumstances that would justify equitable tolling. See Harris, 209 F.3d at 331. Thus, petitioner's reliance on incorrect information regarding the proper date for filing the instant petition, whether such information came from counsel or from anyone else, also does not rise to the level necessary to apply equitable tolling.

Regarding petitioner's second argument, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). So, although petitioner may have been unaware of the nuances of the statute of limitations, specifically that the one-year time limit runs from the conclusion of his direct appeal rather than from the final order in his collateral proceedings, this fails to rise to the level of extraordinary circumstances. As a result, petitioner has failed to present circumstances extraordinary enough to warrant tolling of the limitations period, and the instant petition will be dismissed as time-barred.

Accordingly, it is hereby

ORDERED that the instant petition for a writ of habeas corpus be and is DISMISSED WITH PREJUDICE as time-barred.

To appeal, the petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner

6

need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to petitioner and to close this civil case.

Entered this _20th_ day of _April_ 2009.

/s/
James C. Cacheris
United States District Judge

Alexandria, Virginia

7